Jerry JAMGOTCHIAN, Plaintiff–
Appellant,

v.

James MCINERNY, et al.,
Defendants–Appellees.

No. 00–55594.
D.C. No. CV–98–8189–FMC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 17, 2001.

Decided Dec. 19, 2001.

Before B. FLETCHER, D.W.
NELSON, and MCKEOWN, Circuit
Judges.

**638**

## MEMORANDUM[1]

Jerry Jamgotchian appeals the district court's denial of his motion to amend the complaint and its grant of summary judgment in favor of defendants on each of his claims. We review de novo the district court's grant of summary judgment. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir.2000). We apply an abuse of discretion standard to the district court's denial of a motion to amend, *Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 691 (9th Cir.1993), or, in the alternative, denial of a motion to change a scheduling order under Fed.R.Civ.P. 16(b). *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir.1992). We have jurisdiction under 28 U.S.C. § 1291, and affirm.

Because the parties are familiar with the facts of this case, we recite here only those facts necessary to explain our decision.

It became apparent to officials of the City of Hawthorne ("City") that Jamgotchian, who had a long history of conduct that included threats to various City employees, had obtained a copy of the City's "Employee Master Cross Reference" list ("the List"). The List contained the names, home addresses, home telephone numbers, dates of birth and social security numbers of all City employees and was distributed only within the payroll and personnel departments. The List was confidential and available only to a small number of employees.

Though for some time various City employees suspected that Jamgotchian had obtained a copy of the List, it was only after Jamgotchian sent a fax to Lieutenant McInerny in September of 1997, listing McInerny's social security number, that a formal investigation began. The investigation revealed that Jamgotchian had acted threateningly toward various City personnel since at least 1995, that a temporary restraining order had been entered against him on one occasion for such threats, and that he had been a defendant in a criminal matter. The police also concluded that probable cause existed to believe Jamgotchian had illegally obtained the List.

On October 8, 1997, officers obtained a search warrant, and the following day, a search of Jamgotchian's residence resulted in recovery of the List. Jamgotchian was then arrested and released on bail.[2]

Jamgotchian challenges the district court finding that probable cause existed for the search and the arrest.[3] He points to certain alleged false statements made in Sergeant Chidley's affidavit in support of the request for a search warrant, to wit, (1) that Jamgotchian denied possession of the List, (2) that an officer

---

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Cir. R. 36–3.

2. We agree with appellant that the district court erred in holding that Lieutenant Beerling's informal communication to the bail deviation officer requesting that Jamgotchian's bail be increased was protected by absolute immunity. However, because we find no support in the record for Jamgotchian's allegations that defendants engaged in a conspiracy to violate, and did so violate, his constitutional rights, we find the error harmless. The issue of whether Beerling might be entitled to qualified immunity was not addressed by the district court and is irrelevant in light of our disposition of this appeal.

3. Jamgotchian's argument that defendants are collaterally estopped from asserting that probable cause existed at the time of the search and arrest is without merit. The eventual determination by the state court that probable cause did not exist to hold Jamgotchian over for trial was not a decision on the merits concerning whether probable cause existed *at the time of the search and arrest*. Collateral estoppel, therefore, does not apply.

told Jamgotchian to return the List immediately, and (3) that the officer informed Jamgotchian that possession of the List was a crime. To survive summary judgment, Jamgotchian must "establish that, but for the [alleged] dishonesty, the challenged action would not have occurred," *Hervey v. Estes,* 65 F.3d 784, 789 (9th Cir.1995) (internal quotations and citations omitted); in other words, he must establish that the truthful "remaining information in the affidavit is insufficient to establish probable cause." *Id.*

Even were we to accept Jamgotchian's argument that the affidavit in support of probable cause was in some respects inaccurate, the remaining information establishes to our satisfaction that probable cause still existed to believe that Jamgotchian had either obtained the List illegally, accepted it illegally, and/or used it illegally. The search warrant itself clearly states that probable cause existed to believe "that the property described herein [the List]," was "stolen or embezzled," "used as the means of committing a felony," or "possessed by a person with the intent to use it as a means of committing a public offense. . . ." The remaining information in the "corrected" affidavit provided sufficient information that, *inter alia,* Jamgotchian made numerous threatening or harassing statements to City employees and had possession of a confidential City document that one could obtain only through theft or receipt of stolen property. That information was sufficient to establish probable cause.

■ Because Jamgotchian was found in possession of the List at the time of the search, probable cause then existed to arrest him. That Jamgotchian later testified that the List was anonymously given to him is irrelevant to our determination of probable cause at the time of arrest.

For these reasons, the district court properly entered summary judgment in favor of the defendants.[4]

Finally, we reject Jamgotchian's claim that the district court abused its discretion in denying appellant's motion to amend his complaint. Because the district court had already entered a scheduling order in the case, the court appropriately treated the motion to amend as a motion to amend the scheduling order under Fed.R.Civ.P. 16(b). *See Johnson,* 975 F.2d at 608–09. Under that rule, the plaintiff must establish "good cause" for leave to amend. Here, Jamgotchian made no showing of good cause why he should be given leave to develop a new theory of the case that would implicate various third parties with whom the City had once done business. The request was not based on new information, and came after many months of opportunity to *timely* request leave to amend. We find that the district court did not abuse its discretion in denying Jamgotchian's untimely motion.

AFFIRMED

---

4. The district court also dismissed Jamgotchian's *Monell* claim against the city. *See Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1977). We agree with the district court that there can be no liability against the city since Jamgotchian's 1983 claims against individual defendants have all been dismissed. *See City of Los Angeles v. Heller,* 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986).